## Commonwealth v. Lombardo

*Thomas F. Morgan,* for Commonwealth.
*Carl A. Belin,* for defendant.

REILLY, *J.*, December 23, 1977 — On September 2, 1977, defendant above-named was involved in an accident with one Oscar Smith. The prosecuting officer investigated the accident at the scene, but did not file his citation until the following day. Defendant, on appeal from summary conviction, complains initially that under 51A(1)(a) the officer was required to issue the citation to defendant at the scene. The district attorney argues that under 51A(1)(b) the officer is not required to do so if it is not feasible.

In this case, the officer testified that an eyewitness to the accident had left the scene prior to his arrival, but, while at the scene, the officer was supplied with the witness' name and address. The officer further testified that the information to be received from the witness was crucial in his determination of whether to cite defendant, and, therefore, he delayed filing his citation until he interviewed said witness.

This court is of the opinion that, under these circumstances, the officer was justified in delaying the filing of his citation. This court is further satisfied that the testimony on the merits proves beyond a reasonable doubt that defendant violated section 3322 of the Vehicle Code of June 17, 1976, P.L. 162, 75 Pa. C.S.A. as cited, and, therefore, enters the following

## ORDER

Now, December 23, 1977, it is the order of this court that the above-captioned appeal from summary conviction be and is hereby dismissed.